IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY M. COUNTS, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:10-CV-3633-RWS-CCH |
| METRO P.C.S., | : |
| Defendant. | : |

# **O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review. <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 16th day of November, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIMOTHY M. COUNTS, | : | CIVIL ACTION NO. |
| | : | 1:10-CV-3633-RWS-CCH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| METRO P.C.S., | : | |
| | : | **ORDER AND REPORT AND** |
| Defendant. | : | **RECOMMENDATION** |

Plaintiff, acting *pro se*, seeks leave to file this civil action *in forma pauperis,* without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). In Plaintiff's affidavit of poverty filed in support of his Amended Application to Proceed in District Court without Prepaying Fees or Costs [3], Plaintiff states in response to question number one that he has earned $0 in average monthly income over the past twelve months. Amended Affidavit [3] at ¶ 1. In response to question number two, however, which asks Plaintiff to list his employment history for the past two years, Plaintiff states that he was employed by "I.P.S. Security" from May of 2009 through August of 2010, and that his gross monthly salary was $1,000. Id. at ¶ 2. Thus, Plaintiff's amended responses to questions one and two remain inconsistent; if Plaintiff earned a monthly income of $1,000 from May of 2009 through August of 2010, his average monthly income over the past twelve months must have been more than $0.

However, the Court is satisfied that Plaintiff's responses to questions one and two establish that Plaintiff is currently unemployed and earning no income. In addition, Plaintiff's amended response to question number eight now reflects that he spends $3,151 in average monthly expenses. Amended Affidavit [3] at ¶ 8. Moreover, Plaintiff's amended affidavit now states that he has only $10 in his bank account. Id. at ¶ 4.

Accordingly, the Court finds that based on Plaintiff's amended responses, Plaintiff does not have sufficient income and assets to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's Amended Application to Proceed in District Court without Prepaying Fees or Costs [3] is **GRANTED**.

Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, service of a complaint made *in forma pauperis* is effected by the United States Marshal's Service. See Fed. R. Civ. P. 4(c)(3). In the instant action, the allegations in Plaintiff's Complaint suggest that the Plaintiff has failed to state a claim upon which this Court may grant relief, and if so, the Court may dismiss the action without ordering service by the Marshal's Service. The Clerk is **DIRECTED** to refrain from forwarding the

Complaint to the United States Marshal's Service for the purpose of effecting service until the District Judge orders otherwise.

Under 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In order to state a claim for which relief may be granted, a plaintiff may not merely plead facts in a complaint sufficient to find a claim to relief is conceivable; instead, there must be sufficient facts to demonstrate that the claim made is *plausible*.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In his Complaint, Plaintiff appears to bring a wrongful termination action against only a single Defendant, Metro P.C.S., based on the allegation that while employed by Interstate Protective Services, he was assaulted by a female Metro P.C.S. employee. See Complaint, attached to Application to Proceed in District Court without Prepaying Fees or Costs [1], at 3.  Plaintiff further alleges that he wrote incident reports which were faxed to "I.P.S. Security Don Mosby," and that Don Mosby

3

investigated the claims and wrongfully terminated Plaintiff on account of his sex. Complaint [1] at 3-4.

Title VII of the Civil Rights Act of 1964 provides that it is "an unlawful employment practice for an *employer* . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). The Court notes that Plaintiff alleges that he was employed and wrongfully terminated by Interstate Protective Service and not Metro P.C.S. See Complaint [1] at 3-4; Amended Affidavit [3] at ¶ 2. Plaintiff neither alleges nor states any facts that would support an inference that Metro P.C.S. was his employer; rather, Plaintiff identifies Metro P.C.S. as the *client* of his employer.[1] While the Court will "accord a liberal construction to the term 'employer' under Title VII," Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332, 1341 (11th Cir. 1999), Plaintiff has pled no facts in his Complaint from which the Court can surmise a theory of liability under

---

[1] Plaintiff's EEOC claim states that he was employed by Interstate Protective Services, Inc. as a Security Officer, that he was "last placed at Metro PCS in March of 2010," and that he was discharged after "the client 'did not want [him] there anymore.'" See EEOC Dismissal and Notice of Rights, attached to Application to Proceed in District Court without Prepaying Fees or Costs [1].

4

Title VII. Plaintiff's claim for wrongful termination and retaliation against Metro P.C.S., therefore, fails to state a claim that is plausible on its face.[2]

Accordingly, for the reasons discussed above, although Plaintiff's Amended Application to Proceed in District Court without Prepaying Fees or Costs [3] is **GRANTED**, the undersigned **RECOMMENDS** that this action be dismissed for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED AND RECOMMENDED** this 16th day of November, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

---

[2] At the same time the present action was filed, Plaintiff also filed a nearly identical suit against "Interstate Protective Service." See Counts v. Interstate Protective Service, Civil Action No. 1:10-CV-3632-RWS-CCH (N.D. Ga.). While Plaintiff's claims against Metro P.C.S. are without merit and should be dismissed, the Court notes that Plaintiff's suit against his former employer, Interstate Protective Service, does not suffer from the same defect as this case.